POST & TABACK, INC., et al, Plaintiffs,

v.

**MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC., et al, Defendants.**

No. 91 Civ. 3927 (MJL).

United States District Court, S.D. New York.

Aug. 11, 1994.

---

Leonard Kreinces, Great Neck, NY, for plaintiffs.

Seigel, Sommers & Schwartz by Ron Sussman, Business Funding Group, Inc., New York City, for defendants.

## OPINION

LOWE, District Judge.

Before the Court is a motion for summary judgment filed by defendant, Business Funding Group, Inc. ("BFG"), a Massachusetts corporation engaged in the business of purchasing commercial accounts receivables at discounted rates[1]. BFG's summary judgement motion seeks a dismissal of the plaintiffs' Complaint against BFG. For the reasons stated below, BFG's summary judgement motion is denied.

## BACKGROUND

Plaintiffs are dealers of agricultural commodities who sold commodities (fruits and vegetables to Western Growers, Inc. ("Western")) during 1989 and 1990. In connection with those sales, the plaintiffs filed, with the Secretary of Agriculture, notices of intention to preserve trust benefits pursuant to the Perishable Agricultural Commodities Act ("PACA").[2]

Plaintiffs filed the above action on June 11, 1991, claiming that they are trust beneficia-

ries under PACA. Plaintiffs contend that defendants received PACA assets and that defendants are constructive trustees for the amounts claimed. Plaintiffs claimed that they are entitled to recover those amounts.

Thereafter, defendants, Merrill Lynch and BFG, filed motions for summary judgment against the plaintiffs on the complaint. Merrill Lynch argued that because it acquired the trust property for value and without notice of the breach of trust, it was a bona fide purchaser and thus took the property free of the trust.

By Order dated September 23, 1993 (the "Order"), this Court dismissed the plaintiffs' claims against Merrill Lynch. The Court, citing to *C.H. Robinson Co. v. Trust Co. Bank, N.A.*, 952 F.2d 1311 (11th Cir.1992), stated that PACA trusts operate in accordance with traditional trust principles. The Order stated that under those traditional principles, a purchaser of trust property can take that property free of the trust if the property is transferred for value and without notice of the breach of trust. (*See* Order at 6). The Court dismissed the plaintiffs' complaint against Merrill Lynch, finding that Merrill Lynch, did in fact, receive the trust property for value and without notice of the breach of trust. (*See* Order at 7–8).

BFG argued that the plaintiffs' complaint against BFG should also be dismissed because it too was a bona fide purchaser. This Court, however, found that BFG was situated differently from Merrill Lynch. The Court found that, since BFG conceded that it had constructive knowledge of the PACA trust and purchased Western's accounts receivables for a discount, BFG was on constructive notice of the breach of trust. The Court stated in the Order:

"A breach occurred in the present case not simply because a sale was made, but because the sale was made at a discount to raise funds for the trustee, Western, rath-

---

1. In the matter at issue, BFG transferred $348,128.88 to Western Growers, Inc. for all right, title and interest in Western's accounts receivables which were worth $501,601.08.

2. PACA was created by Congress to facilitate produce sales. PACA protects produce sellers by providing that until sellers are paid, commission merchants, dealers or brokers who receive such produce hold the produce sold or the proceeds of resold produce in trust for the sellers. (*See* 7 U.S.C. § 499e(c)(2)).

er than to maintain assets that could satisfy Western's obligations to unpaid sellers and suppliers. BFG should have known that Western was breaching its obligations as trustee when it offered to sell trust property at a discount."

(Order at 14, 15). The Court concluded that BFG had notice of facts sufficient to require it to make an inquiry of Western about whether the accounts receivables were encumbered by trust filings. The Court found that no evidence had been submitted to show that BFG conducted any inquiry whatsoever and thus BFG could not be considered a bona fide purchaser as a matter of law.

BFG argued that, in the event its bona fide purchaser defense was rejected, the Court should nevertheless grant summary judgment to BFG because PACA is unconstitutional. BFG claimed that PACA was unconstitutional because BFG had no means of obtaining actual knowledge of the trust notices filed by plaintiffs. Plaintiffs argued that PACA notices were available through the Freedom of Information Act ("FOIA"). This Court determined that a material question of fact existed on the issue of whether PACA notices were available to BFG. The Court denied BFG's motion for summary judgment, directed the parties to submit affidavits addressing the question of whether PACA trust notices were publicly available and to what degree, and stated that BFG could refile its motion for summary judgment on the issue of constitutionality following submission of the affidavits.

Thereafter, plaintiffs' counsel, Mr. Leonard Kreinces, wrote to the United States Department of Agriculture (the "Department") on or about October 22, 1993 to ascertain its policy with respect to requests by members of the public to obtain copies of trust notices filed with the Department. In an October 29, 1993 letter ("the Letter"), J.D. Flanagan, Chief of the PACA Branch Fruit and Vegetable Division, responded to Mr. Kreinces' letter. The Letter stated that "trust notices involving solvent produce firms are not publicly available even under the Freedom of Information Act because the information contained within the trust notice contains financial information which is privileged or confidential and is exempt pursuant to 5 U.S.C. § 552(B)(4)." (*See* Exhibit A of Defendant's Affidavit). The Letter also stated that while a particular account debtor remains in business, trust notices or a listing of trust filings are only available to the firm which filed the notices and to the firm against which notices are filed. After receiving a copy of the Letter, BFG filed an affidavit, dated November 8, 1993, stating that PACA trust notices were not publicly available to BFG at the time it entered into an agreement with Western. BFG refiled its motion for summary judgment on the issue of constitutionality contending that PACA violated its due process rights because it could not have obtained actual notice of the PACA trust filings through a FOIA request.

## DISCUSSION

■ A court may grant summary judgment only when it is clear that no genuine issue of material fact remains to be resolved at trial and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). All ambiguities must be resolved against the movant. *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1187 (2d Cir.1987) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962)).

### Constitutionality of PACA

■ The due process clause of the Fifth Amendment provides that "no person ... [shall] be deprived of life, liberty, or property, without due process of law." BFG contends that by enforcing PACA trust provisions, the Court would be depriving transferees, such as BFG, of property which is rightfully theirs without due process of the law. BFG argues that PACA violates the due process clause of the Fifth Amendment because it denies a purchaser of such trust property a "reasonable opportunity to know" of the potential liability to trust beneficiaries.

BFG asserts that since it would not have been able to obtain information on Western's PACA trust liability even if it had made inquiry of the Department, it would be unconstitutional for this Court to hold BFG

liable to the plaintiffs. BFG argues that it was not afforded the opportunity to make an informed judgment in connection with its purchase of receivables from Western and to act accordingly on the basis of that knowledge. BFG concludes that, while the effect of the PACA trust provision is to transform suppliers of perishable agricultural commodities into secured parties, PACA fails to provide for public trust filings which would place bona fide purchasers such as BFG on notice of this transformation.

BFG's arguments are unpersuasive and are fundamentally flawed. BFG's argument that PACA is unconstitutional because it fails to place bona fide purchasers, such as itself, on notice, relies on the assumption that BFG is a bona fide purchaser. This Court has already denied BFG's motion for summary judgment on the issue of whether it is a bona fide purchaser and has determined that BFG could not, on a summary judgment motion, be considered a bona fide purchaser. (See Order at 13–15). This Court found that BFG had constructive notice of the breach of trust. The Court determined that at a minimum, BFG should have conducted a careful inquiry to determine whether Western's actions comported with Western's obligations as trustee. As no evidence was submitted to show that BFG conducted any inquiry whatsoever, this Court was unable to find that BFG was a bona fide purchaser, as a matter of law.

The argument that PACA is unconstitutional because it deprives bona fide purchasers of property which is rightfully theirs without due process of the law is without any merit. Bona fide purchasers would take the property clear of the trust. Bona fide purchasers clearly do not have notice and thus, they would not be deprived of their property. As bona fide purchasers would not lose their property, a constitutional issue would not be raised.

BFG also argues that it was not afforded the opportunity to make an informed judgment in connection with its purchase of receivables from Western and act accordingly on the basis of that knowledge. This Court disagrees with BFG's argument. BFG was afforded the opportunity to make an informed judgment. It had notice of PACA and purchased the accounts receivables from Western at a discount. BFG was on constructive notice of the breach of trust and should have made inquiry of Western about whether Western's accounts receivables were subject to trust notices. BFG could have requested that Western apply to the Department for a list of any trust notices served and filed against it. BFG could have gotten notice through Western. If BFG had made reasonable inquiry and still had no notice of the trust, BFG would then be considered a bona fide purchaser.

PACA is consistent with the due process clause of the Constitution. PACA, as administered by the Department, provides notice in a manner reasonably calculated to enable a party to ascertain whether the subject of a transaction is encumbered by trust filings. Traditional trust principles ensure that parties who purchase trust property for value and without notice of outstanding trust filings take free of any trusts filed by sellers or suppliers. Thus, transferees who, in fact, do not have notice of the trust will not be deprived of their property.

It is not necessary that BFG be able to obtain notice by writing directly to the Department in order for PACA to be constitutional. It is only necessary that BFG could have gotten notice in a reasonable manner. The Court's holding merely requires transferees with constructive notice, such as BFG, make reasonable efforts to inquire into the status of whether property subject to PACA trusts are encumbered by outstanding trust filings. This requirement obligates a party on constructive notice to shoulder a burden of affirmative inquiry in order to protect trust beneficiaries from losing the very property that PACA was created to protect. This Court does not see how such a requirement could be considered unconstitutional.

From the evidence before the Court, the Court has no reason to believe that BFG made any effort to discover whether the accounts receivables it bought from Western were subject to trust filings. If BFG is able to prove that it is in fact a bona fide purchaser, BFG will be entitled to retain ownership of the accounts receivables at issue. PACA and this Court's enforcement of PACA is not

unconstitutional, as traditional trust principles protect transferees who do not have notice of the trust.

## CONCLUSION

For the foregoing reasons, BFG's motion for summary judgment is denied.

It Is So Ordered.